**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0339n.06

**No. 13-2057**

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 29, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TYRONE PILLARS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CARMEN PALMER, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:     MERRITT, COOK, and STRANCH, Circuit Judges.**

**PER CURIAM.**  Petitioner Tyrone Pillars was pulled over for a crack in his windshield by two Detroit police officers who subsequently found cocaine under the driver's seat and $1,083 in the console.  Less than one year before this incident, Pillars settled a civil case alleging that the same two officers violated his constitutional rights during a similar traffic stop and arrest on drug charges.  At trial, Pillars's attorney did not bring forth evidence regarding the prior civil case, and Pillars was convicted of possession of cocaine but not of the charged offense of possession with intent to distribute.  On direct appeal, the Michigan Court of Appeals rejected Pillars's claims that his trial counsel was ineffective for failing to use the civil case to impeach the officers and for failing to meet and confer with him.  The Michigan Supreme Court denied leave to appeal.  Pillars petitioned for habeas corpus relief in federal district court, raising the same ineffective-assistance-of-counsel claims.  The district court denied relief but granted a

certificate of appealability on both claims. This appeal followed. For the following reasons, we **AFFIRM** the judgment of the district court.

## I. STANDARD OF REVIEW

In habeas appeals, we review the district court's legal determinations de novo and its factual findings for clear error. *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011) (en banc). "However, when a district court bases its decision on a transcript from the petitioner's state trial, and thus makes no credibility determinations or other apparent findings of fact, the district court's factual findings are reviewed de novo." *Williams v. Bagley*, 380 F.3d 932, 941 (6th Cir. 2004). Where the state court has made factual findings, this court presumes the correctness of the state court's factual determinations and will defer to them unless they are clearly erroneous. 28 U.S.C. § 2254(e)(1); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). This court reviews the decision of "the last state court to issue a reasoned opinion on the issue," which in this case is the decision of the Michigan Court of Appeals, *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005), and the review is "limited to the record that was before the state court," *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Where, as here, a federal court reviews a constitutional claim decided on the merits in state court, the federal court may only grant habeas corpus relief if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

To succeed in his ineffective-assistance-of-counsel claims, Pillars must demonstrate that his counsel's performance was constitutionally deficient and that he was prejudiced as a result.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). On an ineffective-assistance claim, this court's review of the state court's determination is "doubly deferential" as a result of the combined deference of both *Strickland* and § 2254(d). *Foust v. Houk*, 655 F.3d 524, 533 (6th Cir. 2011) (quoting *Cullen*, 131 S. Ct. at 1403).

In this case, the factual record is particularly limited because, on direct appeal, Pillars failed to request an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973). Additionally, Pillars has not appealed the district court's denial of his request for an evidentiary hearing or its determination that the Michigan Court of Appeals decided on the merits both of his claims of ineffective assistance of counsel.[1]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Upon review of the briefs, the record, and applicable law, the panel adopts the reasoning and conclusion of the district court that the Michigan Court of Appeals' denial of both ineffective-assistance claims was not an objectively unreasonable application of federal law or an unreasonable determination of the facts. Because the district court's analysis of the law and the record was specific and thorough, the issuance of a detailed opinion of this court would serve no jurisprudential purpose. For the sake of clarity, we note only that while this court has not established a minimum amount of time that defense counsel must spend with a defendant, this does not mean that minimal consultation time between counsel and defendant could never constitute deficiency under *Strickland*. *See Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003).

---

[1]Moreover, the district court's determination was correct. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). The ineffective assistance claim was discussed, though cursorily, by the Michigan Court of Appeals, cited cases relevant to both claims.

Accordingly, on the basis of the district court's opinion and order, we **AFFIRM**.